97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald HEMBREE, Plaintiff-Appellant,
v.
WHITLEY COUNTY CIRCUIT COURT; Ralph Lynch, Parole Officer;
Judy Thacker, Parole Officer; Allen C. Trimble, Whitley
County Commonwealth Attorney; Jerry Winchester, Whitley
Circuit Judge, Defendants-Appellees.
 No. 95-6649.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1996.
 
 1
 Before: NORRIS and COLE, Circuit Judges; EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Gerald Hembree, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Hembree sued a circuit court judge (Winchester), a Commonwealth attorney (Trimble), and two parole officers (Lynch and Thacker), without specifying the capacity in which he sued the defendants. Hembree alleged that the defendants placed false information in his presentence investigation report which influenced the parole board to defer his parole. He did not state which of his federal rights were allegedly violated.
 
 
 4
 After reviewing the magistrate judge's recommendation and Hembree's objections, the district court adopted the magistrate judge's recommendation and denied Hembree's motion for summary judgment, but granted Lynch's and Thacker's motion to dismiss, Trimble's motion for summary judgment and Winchester's motion to dismiss. Hembree has filed a timely appeal, reasserting his same claim.
 
 
 5
 Reviewing the district court's legal conclusions de novo, we conclude that the district court properly granted the motions to dismiss. Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). Hembree failed to state a claim under § 1983 as his challenge to the parole board's decision is, in essence, a challenge to the length of his sentence. A state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily render his conviction or sentence invalid, until his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Furthermore, the claim is not cognizable and must be dismissed regardless of whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. Id. at 2373 (claim for damages is not cognizable); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (habeas corpus proceeding, not § 1983, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). Hembree's confinement has not been remedied by any of the aforementioned procedures. Thus, his claim is not cognizable and the district court did not err by dismissing the complaint.
 
 
 6
 For the reasons discussed above, we also conclude that the district court properly granted summary judgment in favor of Trimble, and denied Hembree's motion for summary judgment. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995); Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir.1993), cert. denied, 114 S.Ct. 1219 (1994).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation